UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **MONTPELIER US INSURANCE COMPANY** | **CIVIL ACTION NO.: 13-00773** |
| | **JUDGE R. DOHERTY** |
| V. | |
| | **MAG. JUDGE P. HANNA** |
| **JOHN HENRY AND TRACY HENRY** | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT

MAY IT PLEASE THE COURT:

Plaintiff, MONTPELIER US INSURANCE COMPANY, filed a Complaint for Declaratory Judgment against JOHN HENRY and TRACY HENRY declaring that the MONTPELIER policy does not provide coverage for ROBERT HENRY and ROBERT HENRY d/b/a/ ROB'S LOUNGE in connection with an accident which occurred on November 7, 2010 in which JOHN HENRY was seriously injured. That accident is the subject of a pending lawsuit filed at Docket No. 11-C-5186-B, Parish of St. Landry, Louisiana which was filed on November 4, 2011. Any Motion for Declaratory Relief should properly have been filed in St. Landry Parish and the Complaint for Declaratory Relief filed in the Western District of Louisiana should be dismissed.

### FACTS OF THE CASE

John Henry was a rider the Creole Festival Parade in Opelousas on November 7, 2010. The float he was on consisted of a tractor truck and trailer. The tractor truck was owned by Robert Henry, brother of JOHN HENRY. The trailer was owned by Michael Darjean. At the time of the accident Robert Henry was the owner of an unincorporated business known as Rob's

Lounge.  Rob's Lounge was the sponsor for the float upon which John Henry was riding.  Robert Henry insured Rob's Lounge through an insurance policy provided by Plaintiff, MONTPELIER US INSURANCE COMPANY.

JOHN HENRY fell from the float during the parade and received serious injuries including a disk herniation at the C5-6 level which resulted in paralysis to both his arms and legs.

On November 4, 2011 JOHN HENRY filed suit against Progressive Security Insurance Company, Robert Henry, Robert Henry d/b/a Rob's Lounge, Michael Darjean, General Marine Service of Grand Chenier, Inc., Zurich American Insurance Company and Montpelier US Insurance Company.  A copy of the lawsuit, the First Supplemental and Amending Petition and the Second Supplemental and Amending Petition are attached hereto as Exhibit 1.

MONTPELIER US INSURANCE COMPANY was not named in the original Petition because at the time the suit was filed the insurer of Rob's Lounge was not known.  JOHN HENRY and TRACY HENRY were recently served with a Complaint for Declaratory Judgment filed in the Western District on behalf of MONTPELIER US INSURANCE COMPANY.  Subsequent to being served with the Complaint for Declaratory Judgment, the Henry's added MONTPELIER US INSURANCE COMPANY as a Defendant to the State Court action.  (See Second Supplemental and Amending Petition attached as Exhibit 1).

It can be assumed MONTPELIER US INSURANCE COMPANY was aware of the lawsuit filed in St. Landry Parish based upon the allegations of negligence attributed to JOHN HENRY and TRACY HENRY in the Complaint for Declaratory Judgment.  The Complaint for Declaratory Judgment, does not, however, disclose that at the time the Complaint for Declaratory Judgment was filed in the U.S. District Court, that there was a related claim pending in St. Landry Parish.

**LAW AND ARGUMENT**

A District Court's discretion in choosing whether to hear a Declaratory Action is "broad". *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991).  A District Court may consider a variety of factors in determining whether to decide a declaratory judgment suit.  For example, declaratory judgment relief may be denied [1] Because of a pending State Court proceeding in which the matters in controversy between the parties may be fully litigated; [2] Because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping; [3] Because of possible inequities in permitting the Plaintiff to gain precedence in time and forum; or [4] Because of inconvenience to the parties or witnesses.  *I.d.* (Quoting *Roland Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989).

Declaratory Judgment in this case presents a classic case of forum shopping.  At the time the Declaratory action was filed in Federal Court, there was pending a State Court case in which the matters of controversy between the parties could be fully litigated.  Plaintiffs and Defendants in the State Court action were all Louisiana citizens but for the insurance companies.  The predominant issues of liability, law and insurance coverage are governed by Louisiana State Law.  MONTPELIER could have filed its declaratory action in the pending state court action.  One can only conclude from those facts that MONTPELIER was forum shopping when it filed in federal court.

In *Star Insurance Company v. New Orleans Jazz and Heritage Foundation, Inc.,* 1994 W.L. 148777, District Judge Heebe in the Eastern District of Louisiana dismissed a Declaratory Judgment when he found that all of the issues could be fully litigated in the pending state court action and because it appeared that the Plaintiff was "attempting to accomplish a backdoor removal."  In dismissing the declaratory action, Judge Heebe cited *Casualty Indemnity Exchange*

*v. High Croft, Inc.*, 714 F.Supp 1190 (S.D.Fla. 1989) where the Court wrote that "A Declaratory Judgment is not a mechanism to furnish a new choice of tribunals or to draw into Federal Courts the adjudication of causes properly cognizable by the courts of the States."

## CONCLUSION

It is clear that federal law discourages forum shopping used to deprive the Plaintiff of his choice of forum. It is evident that is what MONTPELIER is attempting to do by filing its declaratory action in Federal Court instead of filing it in the pending state action. Retaining the lawsuit in Federal Court would serve no purpose of judicial economy, rather, it would defeat the purpose of judicial economy by involving two forums in the same action. ROBERT HENRY, the insured of MONTPELIER, is a Defendant in state court and the state court proceeding would be the proper place to determine coverage issues relating to the policy.

Respectfully submitted:

MORROW, MORROW, RYAN & BASSETT

Attorneys for JOHN HENRY and TRACY HENRY

  /S/ Jeffrey M. Bassett
Jeffrey M. Bassett (#2840)
P. O. Drawer 1787
Opelousas, LA  70571-1787
337-948-4483

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2014 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

                                              **/s/Jeffrey M. Bassett**
                                              **Jeffrey M. Bassett (#09748)**
                                              **Morrow, Morrow, Ryan & Bassett**
                                              **P. O. Drawer 1787**
                                              **Opelousas, LA  70571-1787**
                                              **337-948-4483**