UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| MONTPELIER US INSURANCE COMPANY | * * * | CIVIL ACTION NO. 13-CV-00773 |
| VERSUS | * * | JUDGE REBECCA F. DOHERTY |
| JOHN HENRY AND TRACY HENRY | * | MAG. JUDGE PATRICK J. HANNA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS COMPLAINT**

MAY IT PLEASE THE COURT:

Plaintiff, MONTPELIER US INSURANCE COMPANY, submits this opposition to the Motion to Dismiss Compliant filed by defendants, JOHN HENRY AND TRACY HENRY. Plaintiff's Compliant seeks a judgment declaring that the incident at issue involving defendant, JOHN HENRY, is not covered under the MONTPELIER US INSURANCE COMPANY commercial general liability policy. The pending state court suit filed by defendants in the Parish of St. Landry, Louisiana does not preclude the court's discretion in deciding plaintiff's federal declaratory judgment action. Accordingly, MONTPELIER US INSURANCE COMPANY files this memorandum in opposition.

**BACKGROUND**

On or about November 7, 2010, defendant, John Henry, was a rider in the Creole Festival Parade aboard a float, which consisted of a tractor-truck and trailer. The tractor-truck was owned by Robert Henry, and the float at issue was allegedly sponsored by Robert Henry d/b/a Rob's Lounge for the purpose of advertising Rob's Lounge. During the parade, John Henry fell from the float into the street below and allegedly sustained multiple injuries including disk herniation

at the C5-6 level resulting in paralysis to both his arms and legs. At the time of this incident, a commercial general liability policy issued by Montpelier US Insurance Company ("Montpelier") to Robert Henry d/b/ Rob's Lounge was in effect.

On November 4, 2011, John Henry filed suit in the Louisiana 27th Judicial District Court against Progressive Security Insurance Company, Robert Henry d/b/a Rob's Lounge, Michael Dejean, and General Marine Service of Grand Chenier, Inc. (Exhibit 1 – Petition for Damages). Montpelier was not named in the Petition for Damages, and as of today, Montpelier has not been served with any supplemental or amending Petition.

## LAW AND ARGUMENT

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952)). The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. *Id.* at 286. In the declaratory judgment context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 289.

In *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir.1994), the court identified seven nonexclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action. These factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;
(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5) whether the federal court is a convenient forum for the parties and witnesses;
(6) whether retaining the lawsuit would serve the purposes of judicial economy; and
(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* No one factor is dispositive, and a district court maintains substantial discretion to decide or dismiss declaratory actions such as that in the instant case.

The *Trejo* factors weigh in-favor of this court maintaining and deciding Montpelier's Compliant for Declaratory Judgment. No other state action is pending at this time against Montpelier regarding the incident. In the St. Landry Parish suit, Montpelier has not been named as a defendant. (Exhibit 1 – Petition for Damages). In their Motion to Dismiss, Defendants claim that they added Montpelier as a party in the State Court action and attached a Second Supplemental and Amending Petition to the motion. (Defendant's Motion to Dismiss, p. 2). However, no such Second Supplemental and Amending Petition has been filed with St. Landry Parish 27th JDC nor has Montpelier been served.

Even in light of the possibility that Montpelier could be named in the state court action, Montpelier's federal declaratory judgment has not been filed in anticipation of litigation in such a way as to warrant dismissal. Jurisprudence illustrates that an insurer is not barred from federal declaratory judgment action on an issue of coverage even if the insurer anticipates a state court suit related to such coverage.[1] Specifically, in *Sherwin-Williams*, plaintiffs seeking the

---

[1] *See e.g. Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383 (5th Cir. 2003) (Reversed district court dismissal of declaratory judgment action brought by plaintiff seeking resolution of certain issues of federal and state law that would be common to threatened lawsuits); *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n*, 996 F.2d 774 (Held that avoiding multiple lawsuits in multiple courts is a legitimate

declaratory judgment acknowledged that the action was in response to the threat of future state court actions filed by declaratory judgment defendants. 343 F.3d 383, 397 (5th Cir. 2003). The court noted that one purpose of a declaratory judgment action is to resolve a dispute without waiting to be sued and that "[t]he mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court." *Id.*

Furthermore, utilizing federal diversity jurisdiction does not amount to forum-shopping. For example, in *Sherwin-Williams*, the court reasoned:

> The second reason the district court gave in support of its finding of forum shopping, the fact that "federal forums are sought by some manufacturers in an attempt to avoid the state court system," does not necessarily demonstrate impermissible forum selection when the declaratory judgment out-of-state plaintiff invokes diversity. Rather, it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants. *See Chick Kam Choo v. Exxon Corp.,* 764 F.2d 1148, 1153 n. 3 (5th Cir.1985).

343 F.3d 383, 399. Plaintiff Montpelier has properly invoked standard diversity jurisdiction under 28 U.S.C. § 1332(a)(1) to resolve an issue traditionally resolved in declaratory judgment – whether its policy covers certain losses suffered by defendant.

---

reason for bringing federal declaratory judgment action); *United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 494 (4th Cir. 1998) (Plaintiff insurance company sought a declaratory judgment in federal court that it was not liable for certain losses suffered by the defendant. Despite the fact that plaintiff may have anticipated a state court suit by defendant, "without more, we cannot say that [the declaratory plaintiff's] action is an instance of forum-shopping instead of a reasonable assertion of its rights under the declaratory judgment statute and diversity jurisdiction."); *Government Employees Inc. Co. v. Dizol,* 133 F.3d 1220 (9th Cir. 1998) (Court concluded that even if the insurer anticipated a state court declaratory judgment coverage action, "we know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.").

## CONCLUSION

The pending state suit filed by defendants does not preclude this court from exercising its discretion in deciding Montpelier's Compliant for Declaratory Judgment. Montpelier is not yet a party to the pending state action, and seeking resolution of coverage issues in anticipation of litigation does not amount to forum-shopping or disruption of judicial economy. The Motion to Dismiss Compliant filed by defendants, JOHN HENRY AND TRACY HENRY, should be denied, and the Compliant for Declaratory Judgment decided to declare that the incident at issue is not covered under the MONTPELIER US INSURANCE COMPANY commercial general liability policy.

Respectfully submitted,

MAHTOOK & LAFLEUR, L.L.C.

_/s/ Robert A. Mahtook, Jr._
ROBERT A. MAHTOOK, JR., #17034
AMY J. GOODE, #35150
600 Jefferson Street, Suite 1000 (70501)
Post Office Box 3605
Lafayette, Louisiana 70502-3605
TEL:   (337) 266-2189
FAX:   (337) 266-2303

Attorneys for Defendant,
**MONTPELIER US INSURANCE COMPANY**

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing has this day been forwarded to all defendants and/or counsel of record either by depositing a copy of same in the United States Mail, properly addressed and postage prepaid, via facsimile and/or hand-delivery.

Lafayette, Louisiana, this 21st day of January, 2014.

_____
ROBERT A. MAHTOOK, JR.