UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **MONTPELIER US INSURANCE COMPANY** | **CIVIL ACTION NO.: 13-00773** |
| | **JUDGE R. DOHERTY** |
| V. | |
| | **MAG. JUDGE P. HANNA** |
| **JOHN HENRY AND TRACY HENRY** | |

_____

## REBUTTAL BRIEF IN RESPONSE TO MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS COMPLAINT

_____

MAY IT PLEASE THE COURT:

Defendants, JOHN HENRY and TRACY HENRY, submit this Memorandum in rebuttal to the Memorandum in Opposition to Motion to Dismiss Complaint filed by Plaintiff, MONTPELIER US INSURANCE COMPANY. The facts of the case have been sufficiently recited in the original Motion to Dismiss and will not be repeated here.

DISCUSSION

In its opposition brief, MONTPELIER correctly cites the factors set forth in *St. Paul Insurance Company v. Trejo*, 39 F.3d 585 (5th Cir. 1994), the Court is to use in deciding whether to decide or dismiss a declaratory action. MONTPELIER then declares that the factors support their position, but fails to address each factor and provide argument or authority why the factor supports their position.

The only factor MONTPELIER actually argues that supports its position is the first *Trejo* factor[1] which requires to Court to consider "whether there is a pending state action in which all the matters in controversy may be fully litigated." Evidently the basis for MONTPELIER's argument is that because it was not originally named in the St. Landry Parish lawsuit, that this factor weighs in its favor. [2]

The first *Trejo* factor clearly favors dismissal of the claim. There is a pending action in State Court in which all of the matters in controversy may be fully litigated. JOHN HENRY sued, among others, ROBERT HENRY d/b/a ROB'S LOUNGE in St. Landry Parish. JOHN HENRY and ROBERT HENRY are both Louisiana citizens. MONTPELIER is the insurer for ROBERT HENRY. The question as to whether the MONTPELIER insurance policy provides coverage for ROBERT HENRY can and should be fully litigated in the State Court action.

---

[1] The entire *Trejo* factors are:
(1) whether there is a pending action in which all of the matters in controversy may be fully litigated;
(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
(3) whether the plaintiff engaged in forum shopping in bringing the suit;
(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5) whether the federal court is a convenient forum for the parties and witnesses;
(6) whether retaining the lawsuit would serve the purposes of judicial economy; and
(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

[2] MONTPELIER incorrectly argues that the Second Supplemental and Amending Petition adding MONTPELIER has never been filed in the State Court action. Attached as Exhibit 1 is a copy of the Second Supplemental and Amending Petition with the stamp from the St. Landry Parish Clerk's office indicating that it was filed on January 2, 2014.

Sometimes things are as simple as they seem. MONTPELIER learned that their insured had been sued in State Court in St. Landry Parish. MONTPELIER could have filed its Declaratory Action into the pending action but chose to file it in Federal Court. This is a classic case of forum shopping.[3]

The St. Landry action is a negligence action arising out of the use of a truck and tractor in a festival parade. All of the issues are governed by State Law. There is no question of Federal Law. The action can be entirely resolved in State Court. Judicial economy is not served by trying a coverage issue in Federal Court which may depend upon facts developed in the State Court action. Judicial economy would require that all of the issues be decided in one court.

## CONCLUSION

This is a obvious case of forum shopping and virtually all of the *Trejo* factors support dismissal of the declaratory action. MONTPELIER suffers no prejudice by dismissal of the action as the coverage issue can fairly be litigated in State Court.

Respectfully submitted:

MORROW, MORROW, RYAN & BASSETT

Attorneys for JOHN HENRY and TRACY HENRY

  /S/ Jeffrey M. Bassett
Jeffrey M. Bassett (#2840)
P. O. Drawer 1787
Opelousas, LA  70571-1787
337-948-4483

---

[3] The phrase "forum shopping" is not used here in a pejorative manner to suggest that MONTPELIER did anything improper in filing their action in Federal Court. It only means that MONTPELIER had a choice of forums and picked the one it thought most favorable to MONTPELIER. That sort of forum shopping is expressly prohibited by the third *Trejo* factor.

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2014 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/Jeffrey M. Bassett
**Jeffrey M. Bassett (#09748)**
**Morrow, Morrow, Ryan & Bassett**
**P. O. Drawer 1787**
**Opelousas, LA 70571-1787**
**337-948-4483**