UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MONTPELIER US INSURANCE          CIVIL ACTION NO. 6:13-cv-00773
COMPANY

VERSUS                           JUDGE DOHERTY

JOHN HENRY AND TRACY HENRY       MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending before the court is the motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim that was filed by the defendants, John Henry and Tracy Henry. (Rec. Doc. 12). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. (Rec. Doc. 14). The motion is opposed. (Rec. Doc. 15). For the reasons set forth below, the undersigned recommends that the motion be granted and that this lawsuit be dismissed with prejudice.

### FACTUAL BACKGROUND

On November 7, 2010, Robert Henry d/b/a Rob's Lounge allegedly sponsored a float in the Creole Festival parade. The float allegedly consisted of a tractor truck owned by Robert Henry and a trailer owned by Michael Darjean. Defendant John

Henry was a rider on the float. During the parade, he fell from the float, allegedly sustaining multiple injuries including a disk herniation at the C5-6 level that allegedly paralyzed his arms and legs. John and Tracy Henry filed suit in the 27th Judicial District Court, St. Landry Parish, Louisiana, seeking to recover for Mr. Henry's alleged injuries and for Mrs. Henry's alleged loss of consortium, asserting claims against Robert Henry, Robert Henry d/b/a Rob's Lounge, and others.[1] In their second supplemental and amending petition (Rec. Doc. 12-2), which was filed after Montpelier instituted this action (Rec. Doc. 12-1 at 2),[2] John and Tracy Henry added a claim against Montpelier US Insurance Company, alleging that Montpelier issued an insurance policy to Robert Henry and Robert Henry d/b/a Rob's Lounge, which provides coverage for their damages.

---

[1]    The movers did not attach a copy of the original state-court petition to their submissions. Although the defendants' brief states that copies of the original petition, the first supplemental and amending petition, and the second supplemental and amending petitions are attached (Rec. Doc. 12-1 at 2), only a copy of the second supplemental and amending petition is actually attached to the memorandum in support of the motion to dismiss. The Henrys state, however, that the original petition was filed on November 4, 2011 and assigned Docket No. 11-C-5186-B on the docket of the 27th Judicial District Court, St. Landry Parish, Louisiana. (Rec. Doc. 12-1 at 1). Montpelier attached a copy of the original complaint to its opposition brief (Rec. Doc. 15-1), which indicates that the petition was filed on November 4, 2011. Neither party submitted a copy of the first supplemental and amending petition.

[2]    This lawsuit was filed on April 12, 2013 (Rec. Doc. 1), and the state-court petition was amended on January 2, 2014 to assert a claim against Montpelier (Rec. Doc. 19-2), the same day that the Henrys filed their motion to dismiss Montpelier's complaint in this action (Rec Doc. 12).

Montpelier brought this lawsuit, seeking a declaration that the commercial general liability insurance policy it issued to Robert Henry d/b/a Rob's Lounge provides no coverage for the injuries allegedly sustained by the Henrys as a result of Mr. Henry's fall from the parade float. Montpelier bases its argument on the policy's exclusion of coverage for bodily injuries incurred as a result of the ownership, maintenance, or use of an automobile. According to Montpelier, the accident occurred when "the driver of the vehicle failed to maintain control of his vehicle when the tractor truck jerked forward causing him to lose his balance while making an unsafe turn." (Rec. Doc. 1 at 3).

John and Tracy Henry responded to Montpelier's complaint with the instant motion to dismiss, arguing that Montpelier's motion should have been filed in state court and that the complaint filed by Montpelier in this forum should be dismissed

## ANALYSIS

The Henrys describe their motion to dismiss as either a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction or a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.

## A.    DOES THIS COURT HAVE SUBJECT-MATTER JURISDICTION?

In its complaint, Montpelier alleges that this court has subject-matter jurisdiction under 28 U.S.C. § 1332. The party invoking subject-matter jurisdiction

in federal court has the burden of establishing the court's jurisdiction.[3]  Thus, in this case, Montpelier must bear that burden.   Having reviewed the pleadings, the undersigned finds that Montpelier has satisfied its burden.

Under 28 U.S.C. § 1332, this court has subject-matter jurisdiction over an action when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  In its complaint, Montpelier alleges that it is a New Jersey corporation with its principal place of business in Arizona.  (Rec. Doc. 1 at 1).  A corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business.[4]  Therefore, Montpelier is a citizen of both New Jersey and Arizona.  In its complaint, Montpelier alleges that John and Tracy Henry reside in St. Landry Parish, Louisiana.  (Rec. Doc. 1 at 1).  The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[5]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[6]  Evidence

---

[3]     See, e.g., *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[4]     28 U.S.C. § 1332(c)(1).

[5]     *Hollinger v. Home State Mutual Insurance Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[6]     *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

of a person's place of residence, however, is *prima facie* proof of his domicile.[7]  No contrary evidence having been presented, the undersigned finds that the Henrys are Louisiana citizens.  Thus, the parties are diverse in citizenship.

To satisfy its burden of showing that the amount in controversy is sufficient to support federal-court jurisdiction, Montpelier must either (1) demonstrate that it is facially apparent that the claims are likely valued above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount.[8] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[9]  In this case, the issue is whether Montpelier's insurance policy provides coverage for the Henrys' damages.  Since Mr. Henry was allegedly rendered a quadriplegic by the accident, it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional minimum.

The undersigned finds that both prongs of the jurisdictional analysis are satisfied, and the Henrys' objection to having this court adjudicate the action does not

---

[7]    *Hollinger v. Home State*, 654 F.3d at 571.

[8]    *St. Paul v. Greenberg*, 134 F.3d at 1253.

[9]    *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).  See, also, *Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013).

target this court's subject-matter jurisdiction.  Therefore, to the extent that the Henrys' motion is construed as a motion to dismiss for lack of subject-matter jurisdiction, the motion is denied.

## B.   DOES THE COMPLAINT STATE A CLAIM?

The Henrys alternatively described their motion as a motion to dismiss for failure to state a claim upon which relief may be granted by this court.  They argue that Montpelier cannot meet the essential elements for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and therefore argue that the complaint fails to state a claim on which relief may be granted by this court.

"The Declaratory Judgment Act. . . is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."[10]  It is well-settled that a district court has broad discretion over whether to decide or dismiss a declaratory judgment action.[11]  Before making that decision, however, a district court must first (1) determine whether the declaratory action is justiciable; (2) determine whether the

_____

[10]     *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 389 (5th Cir. 2003).

[11]     *Travelers Insurance Co. v. Louisiana Farm Bureau Federation.*, 996 F.2d 774, 778 (5th Cir. 1993); *Granite State Insurance Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992).

court has the authority to grant declaratory relief; and (3) determine how to exercise its broad discretion to decide or dismiss the action.[12]

The Declaratory Judgment Act reads as follows, in pertinent part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States. . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[13] A three-part inquiry is used when considering a declaratory judgment action. "First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an 'actual controversy' exists between the parties to the action. . . . Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented. . . . Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action."[14]

In this case, there clearly is an actual controversy between the parties to the action. Not one but two lawsuits have been filed, in which it must be decided whether Montpelier's insurance policy affords defense and indemnity to the Henrys.

---

[12]    *Sherwin–Williams v. Holmes County*, 343 F.3d at 387; *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

[13]    28 U.S.C.A. § 2201(a).

[14]    *Orix Credit Alliance v. Wolfe*, 212 F.3d at 895.

"An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment. The district court thus had jurisdiction to rule on the duty to indemnify despite the fact that the underlying state court suit had not yet reached final judgment."[15]   In this suit, there is no ripeness issue. Montpelier's complaint presents an actual controversy concerning the coverage afforded by its insurance policy, and sufficient facts are set forth in Montpelier's complaint and in the state-court petitions that were attached to the parties' briefing to permit an understanding of the issues that will ultimately have to be decided.

Second, there is no question that this court has the authority to grant the declaratory relief sought by Montpelier. As noted above, this court has subject-matter jurisdiction over this action. No issue has been raised concerning this court's personal jurisdiction over the parties to this action. The suit was filed in a court of proper venue. Succinctly, no jurisdictional or procedural obstacles have been identified as interfering with this court's authority to decide the dispute that is presented here.

---

[15]   *American States Insurance Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (internal citations omitted).

Third, as in every declaratory judgment action, this court has broad discretion to dismiss or decide the issues presented.  "A district court has broad, but not unfettered, discretion to retain or dismiss a declaratory judgment suit."[16]  In fact, "[i]t is now well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action."[17]  But a district court may not dismiss a request for declaratory relief on the basis of whim or personal disinclination; instead, the court must address and balance the purposes of the Declaratory Judgment Act and the factors relevant to the applicable abstention doctrine.[18]

The undersigned finds that Montpelier's complaint alleges sufficient facts to establish that an actual controversy is currently before this court and that this court has authority to decide that controversy.  Nevertheless, this court must decide whether the parties' dispute should be decided, stayed, or dismissed.

## C.   SHOULD THIS COURT ABSTAIN?

In this lawsuit, Montpelier seeks a determination that it does not owe the Henrys defense or indemnity with regard to the allegations asserted by the Henrys in

---

[16]     *American States v. Bailey*, 133 F.3d at 368.

[17]     *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 778.

[18]     *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 778.

the underlying state-court lawsuit.  The Henrys contend that this action should be dismissed so that the insurance coverage question can be decided in state court.

Federal courts have a "virtually unflagging" obligation to exercise the jurisdiction granted to them.[19]  Accordingly, the mere "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."[20]  In "extraordinary and narrow" circumstances,[21] however, a district court may abstain from exercising its jurisdiction but "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."[22]  However, "as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act,"[23] which generally

---

[19]     *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. App'x. 9, 11 (5th Cir. 2007); *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000); *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976).

[20]     *Colorado River v. United States*, 424 U.S. at 817, quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910).  See, also, *Transocean Offshore v. Catrette*, 239 Fed. App'x. at 11.

[21]     *Superior Diving Co. Inc. v. Cortigene*, 372 Fed. App'x 496, 498 (5th Cir. 2010); *Black Sea v. United Heritage*, 204 F.3d at 650; *Colorado River v. United States*, 424 U.S. at 813.

[22]     *Colorado River v. United States*, 424 U.S. at 813.

[23]     *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 776.

precludes a federal court from staying state-court proceedings.  "[T]he issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity."[24]  That is the situation presented here, except that the state-court claim against Montpelier was not asserted until after this lawsuit was filed.

There are two potentially applicable standards.  If the suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by the standard articulated in *Wilton v. Seven Falls Company*, 515 U.S. 277, 288 (1995), and *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), but if the suit involves a request for monetary or other coercive relief, even if declaratory relief is also sought, the standard articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), is applied.[25]  The parties did not address the issue of which of these two standards should be applied in this case.

A review of Montpelier's complaint reveals that it primarily seeks declaratory relief but also seeks "such other further and different relief as may be necessary and proper, including attorney's fees and costs, as the justice of this cause may require and permit."  (Rec. Doc. 1 at 4).  There is authority for the proposition that a request

---

[24]     *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 776.

[25]     *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250-51 (5th Cir. 2005).

-11-

for the recovery of defense costs asserted in an action seeking a coverage declaration does not transform the action from a declaratory judgment action to an action seeking coercive relief.[26]  Accordingly, the undersigned finds that, despite the claim for the recovery of attorneys' fees, Montpelier's lawsuit remains, at its core, a declaratory judgment action.  Accordingly, the undersigned finds that the *Wilton/Brillhart* standard provides the proper framework for analyzing whether this Court should abstain from resolving the dispute presented in this lawsuit.

## D.   THE *WILTON/BRILLHART* STANDARD

In *Wilton v. Seven Falls Company*, the United States Supreme Court confirmed its prior decision in *Brillhart v. Excess Ins. Co. of America*, by stating that

> [i]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.[27]

The Court concluded that it is within a district court's discretion to stay an "action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court."[28]

---

[26]    *Massachusetts Bay Insurance Co. v. Lewis*, No. 10-585-BAJ-DLD, 2011 WL 1261145 (M.D. La. Mar. 31, 2011).

[27]    *Wilton v. Seven Falls Company,* 515 U.S. at 288.

[28]    *Wilton v. Seven Falls Company*, 515 U.S. at 290.

To assist in defining the parameters of a district court's discretion, the Fifth Circuit developed a seven-factor test for deciding whether to retain jurisdiction over declaratory judgment actions.[29]   The factors are not exhaustive, mandatory, or exclusive[30] and address three broad considerations – federalism, fairness/improper forum shopping, and efficiency.[31]  They are:  (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[32]   The

---

[29]    *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).  See, also, *Travelers v. Louisiana Farm Bureau*, 996 F.2d at 778 (citing the first six factors).

[30]    *Granite State v. Tandy Corp.*, 986 F.2d at 96.

[31]    *Sherwin-Williams v. Holmes County*, 343 F.3d at 390-391.

[32]    *St. Paul v. Trejo*, 39 F.3d at 590-91.

undersigned finds that, in this case, the seven factors militate in favor of this Court declining jurisdiction over this case.

Here, the first factor, whether there is a pending state action in which all of the matters in controversy may be fully litigated, weighs heavily against this Court hearing the case.  "[A]bstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute."[33]  When this case began, the Henrys had already filed suit in Louisiana state court, seeking recovery for their damages, but no claim had yet been asserted by the Henrys against Montpelier.  Such a claim has now been filed, and as between the Henrys and Montpelier, the matter to be resolved is the interpretation of an insurance policy.  That issue has now also been placed before the state court, and it is a matter that can be competently resolved in that forum.  No question of federal law has been presented.  "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit."[34]  This factor has been considered "of

---

[33]     *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

[34]     *Sherwin-Williams v. Holmes County*, 343 F.3d at 390-391.

paramount concern."[35]   Consequently, this is precisely the type of case in which the federal court should defer to a related state-court action.

The second factor to be considered is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant.  In this case, the state-court lawsuit was already ongoing when Montpelier filed this lawsuit, but no claim had been asserted against Montpelier.  Although no evidence has been presented on this point, Montpelier may have initiated this action in anticipation of the state-court suit being amended to assert a claim against it.  However, "[t]he mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court."[36]   The undersigned finds that this factor is neutral.

The third factor is whether Montpelier engaged in forum shopping in bringing the suit.  The Henrys argue that this is their primary reason for seeking dismissal of this suit, describing Montpelier's suit as "a classic case of forum shopping."  (Rec. Doc. 12-1 at 3).  Although Montpelier decided to bring suit in this forum rather than asserting a claim in the already pending state-court matter, there is no evidence that it selected this forum to gain some sort of advantage.  Important to this inquiry is

---

[35]     *American Fidelity Insurance Co. v. Acadian Geophysical Services, Inc.*, No. Civ.A. 97-2915, 1997 WL 786233, at *2 (E.D. La. Dec. 18, 1997).

[36]     *Sherwin-Williams v. Holmes County*, 343 F.3d at 397.

"whether there was a legitimate reason to be in federal court."[37]  A desire to avoid a plaintiff-friendly state court jury is not an illegitimate reason.[38]  Similarly, a party seeking to avail itself of the traditional justification for diversity jurisdiction, ensuring fairness for out-of-state litigants, is not an illegitimate reason for filing suit in federal court.[39]  Montpelier is an out-of-state company, and there is no evidence that it chose this forum for any illegitimate reason.  The undersigned finds that this factor does not favor abstention.

The fourth factor to be considered is whether there are possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums.  No trial date has been set in this action, and the parties provided no information concerning whether the state-court action has been set for trial.  Still, permitting this case to move forward would create the very real possibility of inconsistent and/or incomplete rulings.  The undersigned finds that this weighs heavily in favor of this Court deferring to the state-court proceeding.

---

[37]     *American Employers' Insurance Co. v. Eagle, Inc.*, 122 Fed. App'x 700, 703 (5th Cir. 2003).

[38]     *American Employers' v. Eagle*, 122 Fed. App'x at 703.

[39]     *American Employers' v. Eagle*, 122 Fed. App'x at 703; *Sherwin-Williams v. Holmes County*, 343 F.3d at 399.

The fifth factor is whether the federal court is a convenient forum for the parties and witnesses. The parties did not address this factor, and the undersigned finds that it is neutral. The St. Landry Parish courthouse is less than half an hour's drive from the federal courthouse where this action is pending, and this Court is not persuaded that one forum is more convenient than the other. The undersigned finds that the two forums are equally convenient.

The sixth factor is whether retaining the lawsuit in federal court would serve the purposes of judicial economy. The undersigned finds this to be a critical issue. The state-court suit now involves all of the parties to the insurance contract at issue as well as the parties who are not participants in the federal-court litigation but whose testimony will be critical on factual issues related to the insurance coverage issue. Although whether an insurance policy affords coverage is a legal issue, there always are factual determinations that must be made before that legal issue can be resolved. In this case, interpretation of the policy provision cited by Montpelier will require determinations about the nature and design of the parade float, the ownership of the float's components, the way that the parade was conducted, the mechanics of the accident, and the nature of the damages sustained by the Henrys. Therefore, retaining the lawsuit in federal court would not serve the goal of judicial economy. To the contrary, it would increase the potential that the goal of judicial economy would be

thwarted if the two courts reach inconsistent factual conclusions or interpret the insurance policy in different ways.  The goal of judicial economy would be better served if the insurance coverage issue were litigated in the state-court proceeding.

The final factor, whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the state-court suit between the same parties is pending, is not an issue in this lawsuit.

In summary, the undersigned finds that three of the seven factors weigh heavily in favor of the court abstaining, while the other factors are neutral.  The ultimate purpose for evaluating these factors is to decide "whether the questions in controversy between the parties to the federal suit. . . can better be settled in the proceeding pending in state court."[40]  "Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort."[41]  The undersigned finds that the dispute presented in this lawsuit can better be settled in the related proceeding that is pending in Louisiana state court.

---

[40]      *American Employers' v. Eagle*, 122 Fed. App'x at 702, quoting *Brillhart v. Excess*, 316 U.S. at 495.

[41]      *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992), quoting *PPG Indus., Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973).

## E.   **SHOULD THE ACTION BE STAYED OR DISMISSED?**

The discretion afforded to a district court permits either staying or dismissing a suit when abstention is appropriate.  Rather than merely finding that this action should be stayed, however, the undersigned finds that this lawsuit should be dismissed.  The court has discretion to dismiss this matter *sua sponte*.[42]  There is a pending state-court action in which all of the matters presented in this lawsuit may be fully litigated.  A determination will be made in the state-court lawsuit as to whether the Henrys were damaged as a result of the actions or omissions of the defendants named in that suit and, if so, the nature of the damages so sustained.  Even if Montpelier had not been named as a direct defendant in that lawsuit, it would serve no useful purpose for the court to conduct further proceedings until those issues are resolved.  As the state-court lawsuit is now postured, with the Henrys having asserted a claim against Montpelier, the state court will also be called upon to determine if the Henrys' claims are covered under Montpelier's policy.  Proceeding to trial in this forum might lead to a ruling that ultimately turns out to be inconsistent with the state

---

[42]       See, e.g., *Clarendon America Ins. Co. v. Faulk & Foster Real Estate Services*, No. 08-4286, 2009 WL 511308, at *3 (E.D. La. Feb. 27, 2009) ("the Court's broad discretion allows it to *sua sponte* dismiss this action in lieu of staying it.").  See, also, *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc*., 149 F.3d 371, 373 (5th Cir. 1998) (acknowledging without disapproval that district court dismissed declaratory judgment action *sua sponte*); *Houston General Insurance Co. v. Taylor Lumber & Treating, Inc*., No. CIV.A. 96-1523, 1997 WL 40633, at *3 (E.D. La. Jan. 30, 1997) (dismissing suit *sua sponte*).

court's ruling, creating unnecessary issues and unnecessarily complicating the procedural posture of both lawsuits.

After careful consideration, the undersigned finds that permitting the underlying litigation to proceed unimpeded would be the better course of action. Therefore, applying the *Wilton/Brillhart* standard, the undersigned recommends that the court exercise its discretion and decline to proceed further, dismissing this action with prejudice.

## F.   THIS COURT'S INHERENT POWER TO ABSTAIN

Even when neither the *Wilton/Brillhart* standard nor the *Colorado River* standard is applicable, "district courts have inherent power to stay a federal lawsuit in favor of a concurrent state court proceeding."[43] "Such a stay should not be granted unless the other tribunal has the power to render an effective judgment on issues that are necessary to the disposition of the stayed litigation  The court also should consider whether the federal action serves some purpose beyond mere duplication of effort."[44]

---

[43]     *Primerica Life Insurance Co. v. Twyman*, No. 3-01-CV-1659-BD, 2002 WL 83750, at *3 (N.D. Tex. Jan. 14, 2002).  See, also, *Itel Corp. v. M/S Victoria U. (Ex Pishtaz Iran)*, 710 F.2d 199, 202-03 (5th Cir. 1983).

[44]     *Primerica v. Twyman*, 2002 WL 83750, at *3 (internal citations omitted), citing *Itel Corp. v. M/S Victoria*, 710 F.2d at 203.

In this case, the state court has the authority to decide issues that are necessary to the disposition of the insurance coverage issue that is currently before this court, and it is competent to do so.  Permitting this action to move forward would do little more than duplicate the efforts being undertaken in state court and potentially create a procedural tangle from which the litigants will likely have a difficult time extracting themselves.

Accordingly, in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[45] the undersigned recommends that the court decline further jurisdiction over this action and dismiss this lawsuit with prejudice.

## CONCLUSION

The undersigned finds that it has subject-matter jurisdiction over this action and that Montpelier has stated a valid claim for declaratory relief.  The undersigned further finds that, under the standard articulated in the *Wilton/Brillhart* abstention doctrine, with a nod to the court's inherent power, the better course of action is to dismiss this action with prejudice.  Accordingly, the undersigned recommends that the pending motion to dismiss (Rec. Doc. 12) be GRANTED, not because Montpelier

---

[45]     *Primerica v. Twyman*, 2002 WL 83750, at *3, quoting *Itel Corp. v. M/S Victoria*, 710 F.2d at 203.

has failed to state a claim upon which relief may be granted but because the court has discretion to dismiss declaratory judgment actions, and the undersigned further recommends that this action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 26th day of March 2014.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE